**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| COLIN CATE, | |
|      PLAINTIFF, | |
| | |
| v. | Case No. 4:17-cv-69 |
| | |
| EVANS LAW ASSOCIATES, P.C., | |
| JTM CAPITAL MANAGEMENT, LLC, | |
| JH PORTFOLIO DEBT EQUITIES, LLC, | |
| UNITED DEBT HOLDING LLC, | |
| LEXON INSURANCE COMPANY, | |
| INTERNATIONAL FIDELITY INSURANCE | |
| COMPANY, | |
| HARTFORD CASUALTY INSURANCE | |
| COMPANY and | |
|      DEFENDANTS | |
| | |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter referred to as "FDCPA"), and the Texas Finance Code § 392.001, *et seq* (hereinafter referred to as "TFC") by JTM Capital Management, LLC ("JTM"), JH Portfolio Debt Equities, LLC ("JH"), and Evans Law Associates, P.C. ("Evans Law") and United Debt Holding LLC ("UDH") (collectively referred to as "Defendants").

**VENUE**

4.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that

Defendants transact business in this District and a substantial portion of the acts

giving rise to this action occurred in this District.

5.   Plaintiff resides in this Judicial District.

**PARTIES**

6.   Plaintiff, Colin Cate ("Plaintiff"), is an adult individual residing in Collin County,

Texas.

7.   JTM is a Delaware company operating from 210 John Glenn Dr., Amherst, New

York 14228.

8.   JTM can be served via its registered agent in Texas, National Registered Agents,

Inc., at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

9.   JH is a California company operating from 120 South Central Ave, Clayton, MO

63105.

10. JH can be served via its registered agent in Texas, C T Corporation System, at

1999 Bryan Street, Suite 900, Dallas, Texas 75201.

11. Evans Law is a New York professional corporation operating from 5355 Main St,

Williamsville, NY 14221.

12. Evans Law can be served via its registered agent, Jason J. Evans, Esq., at 218 N.

Long St., Williamsville, NY  14221.

13. UDH is a Delaware LLC operating from 5251 DTC Parkway, Suite 950,

Greenwood Village, CO 80111.

14. UDH can be served via its registered agent, National Registered Agents, Inc., at 1999 Bryan St., Suite 900, Dallas, TX 75201.

15. Defendant Lexon Insurance Company ("Lexon") is the surety company for the bond Defendant JTM has on file with the Texas Secretary of State, bond number 1102833. Lexon is liable for acts committed by JTM pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

16. Lexon is a foreign entity that can be served in the state of Texas via its registered agent, Jay A Thompson, at 701 Brazos St, Ste 1500, Austin, TX 78701.

17. Defendant International Fidelity Insurance Company ("IFIC") is the surety company for the bond JH has on file with the Texas Secretary of State, bond number 0595079. IFIC is liable for acts committed by JH pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

18. IFIC is a foreign entity that can be served in the state of Texas via its registered agent, Paracorp Incorporated at 3610-2 North Josey Lane Suite 223, Carrollton TX 75007.

19. Defendant Hartford Casualty Insurance Company ("Hartford") is the surety company for the bond UDH has on file with the Texas Secretary of State, bond number 57BSBFM5585. Hartford is liable for acts committed by UDH pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

20. Hartford is a foreign entity that can be served in the state of Texas via its registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas, 75201.

## FACTUAL ALLEGATIONS

21. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the "Account"). Specifically, the alleged account is an old credit card which was used to purchase various personal items and not used for business purposes.

22. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.  Specifically, the Account went into default in 2011 and legal recourse to recover the alleged balance of the account was barred by the applicable statute of limitation at all times relevant to this lawsuit.

23. Plaintiff disputes the balance of the Account Defendants attempted to collect.

24. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

25. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

26. JH is a purchaser of defaulted debts and collects on those debts directly or indirectly for the purpose of making a profit.  JH purchased the Account from the original creditor and attempted collections directly or indirectly in order to make a profit.

27. JH is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6), is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

28. JTM is a purchaser of defaulted debts and collects on those debts directly or indirectly for the purpose of making a profit.  JTM purchased the Account from JH and attempted collections directly or indirectly in order to make a profit.

29. JTM is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6), is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

30. Evans Law is a company that receives placement of defaulted accounts for the sole purpose of collecting those accounts for a commission earned when the account is collected.  JTM placed the Account with Evans Law for the purpose of Evans Law collecting on the Account and earning a percentage of whatever amount it collected.

31. Evans Law is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6), is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

32. UDH is a company that receives placement of defaulted accounts for the sole purpose of collecting those accounts for a commission earned when the account is collected.  JH placed the Account with UDH for the purpose of UDH collecting on the Account and earning a percentage of whatever amount it collected.

33. UDH is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6), is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

34. After the Account allegedly went into default with the original creditor, Citibank, the Account was purchased by JH and/or JTM for the purpose of collecting on the Account.

35. On information and belief, JH and/or JTM placed the account with  Evans Law to collect the account from Plaintiff.

## COLLECTION EFFORTS OF EVANS LAW

36. Evans Law attempted to call Plaintiff multiple times and left messages for Plaintiff on Plaintiff's voicemail.

37. During the one year prior to the filing of this Complaint, and more specifically in October or November 2016, Evans Law left the following message for Plaintiff on Plaintiff's voicemail system stated:

> Yes, uh, Mr. Cate, my name is Patrick Kinsey.  I'm with the law office of Evans and Associates.  We have been retained, we are handling a file attached to your Social Security number.  Now, I'm not sure if you've been made aware of this or received the documentation yet, but if you'd like to prevent this from going any further, becoming a matter of public record, you'll need to contact our firm or have someone that can speak on your behalf contact us at 888-984-5591.  888-984-5591.  And the extension into my office is 111.  Thank you for your cooperation.  I wish you the best of luck.

38. The telephone communication described above failed to inform Plaintiff that Evans Law was a debt collector or that Evans Law was attempting to collect a debt or that any information obtained from Plaintiff would be used for the purpose of debt collection.

6

39. The telephone communication described above would cause the least sophisticated consumer to believe that a lawsuit had been filed or immanently would be filed against Plaintiff through the use of words like "we have been retained" and "like to prevent this from going any further, becoming a matter of public record, you'll need to contact our firm or have someone that can speak on your behalf" and "I wish you the best of luck."

40. Because recovery of the alleged balance of the Account was barred by the applicable statute of limitation, Evans Law had no intention of suing Plaintiff at the time it made the threats.

41. During the one year prior to the filing of this Complaint, and more specifically in October or November 2016, Evans Law left the following message for Plaintiff on Plaintiff's wife's voicemail system:

> Yes, um, I'm calling for Colin Cate.  My name is Patrick Kinsey.  I'm with Evans Law Associates.  We have just recently been retained in regards to a file with Mr. Cates' Social Security number.  I'm trying to make him aware of the situation as we only have a couple days and reach him to get this resolved voluntarily out of court if that is his intention, of course.  If you could please have him or someone that can speak on his behalf contact our firm 888-984-5591.  888-984-5591.  It's patrick Kinsey and the extension into my office is 111.  Thank you.

42. The telephone communication described above failed to inform Plaintiff that Evans Law was a debt collector or that Evans Law was attempting to collect a debt or that any information obtained from Plaintiff would be used for the purpose of debt collection.

43. The telephone communication described above would cause the least sophisticated consumer to believe that a lawsuit had been filed or immanently would be filed against Plaintiff through the use of words like "we have just recently been

retained" and "trying to make him aware of the situation" and "we only have a couple days…to get this resolved voluntarily out of court" and "please have him or someone that can speak on his behalf contact our firm."

44. Evans Law intended for these threats to be heard by Plaintiff and because recovery of the alleged balance of the Account was barred by the applicable statute of limitation, Evans Law had no intention of suing Plaintiff at the time it made the threats.

45. During the one year prior to the filing of this Complaint, and more specifically in October or November 2016, Evans Law left the following message for Plaintiff on Plaintiff's voicemail system:

> Yes, Mr. Cate, this is Patrick Kinsey with Evans Law.  You had spoke to the director [inaudible] last week and myself.  I know you said you were out of town and weren't able to discuss this with your wife until Tuesday.  So just following up with you.  Today is Wednesday [inaudible].  We gave you the extension obviously.  Just wanted to touch base and try to finalize everything.  Give me a call at 888-984-5591.  888-984-5591.  The extension to my office is 111.

46. The telephone communication described above failed to inform Plaintiff that Evans Law was a debt collector or that Evans Law was attempting to collect a debt or that any information obtained from Plaintiff would be used for the purpose of debt collection.

47. During the one year prior to the filing of this Complaint, and more specifically in October or November 2016, Evans Law left the following message for Plaintiff on Plaintiff's wife's voicemail system:

> I need to get in touch with Colin Cate. Mr. Cate, this is Mr. Kinsey with Evans Law.  We have not gotten a response from you.  We're supposed to get one by Wednesday the ninth.   Before our client does look to finalize this for the full amount, sir, we wanted to just make sure that we had

another chance to discuss some of our options with you.  Please contact our firm by Monday the fourteenth at 888-984-5591.  888-984-5591. Extension 111.

48. The telephone communication described above failed to inform Plaintiff that

Evans Law was a debt collector or that Evans Law was attempting to collect a debt

or that any information obtained from Plaintiff would be used for the purpose of

debt collection.

49. During the one year prior to the filing of this Complaint, and more specifically in

October or November 2016, Evans Law left the following message for Plaintiff on

Plaintiff's voicemail system:

Mr. Cate, sir, I know you're very busy.  This is Mr. Kinsey with Evans Law.  Unfortunately our time is coming to an end here in regards to trying to negotiate an out of court agreement for you.  we have some significant flexibility as far as the settlement parameters that the client has set forth especially because we are coming down to our debt buying here, which kind of gives you a little bit more leeway to negotiate.   I'm just afraid that if you don't take a minute to call us back before that time, you're going to be responsible for the full balance plus additional charges, so I just strongly urge you to contact our firm back before Monday the fourteenth at the latest.  Phone number is 888-984-5591.  888-984-5591.  My extension is 111.  If I'm unavailable, leave me a voicemail at that time and I'll call you back.

50. The telephone communication described above failed to inform Plaintiff that

Evans Law was a debt collector or that Evans Law was attempting to collect a debt

or that any information obtained from Plaintiff would be used for the purpose of

debt collection.

51. The telephone communication described above would cause the least sophisticated

consumer to believe that a lawsuit had been filed or immanently would be filed

against Plaintiff through the use of words like "unfortunately our time is coming to

an end here in regards to trying to negotiate an out of court agreement for you"

and "if you don't take a minute to call us back before that time, you're going to be responsible for the full balance plus additional charges."

52. Because recovery of the alleged balance of the Account was barred by the applicable statute of limitation, Evans Law had no intention of suing Plaintiff at the time it made the threats.

53. In a live call between Evans Law and Plaintiff in October or November 2016, Plaintiff expressed to Evans Law that he no longer desired to receive telephone communications about the Account because of the confusing nature of the number of entities he had discovered to be involved in the collection of the Account. Specifically, Plaintiff told Evans Law:

> It's not convenient for you to call this number any more, 972-658-0980, nor my office number…. It's not convenient for y'all to call me at 972-658-0980, nor my office phone 903-482-5876, nor my wife 469-450-2346 anymore.  I want this stuff mailed to me.  This is taking too much of my precious time dealing with this.

54. Despite Plaintiff informing Evans Law that it was inconvenient for Evans Law to call Plaintiff on his cell phone, at work or to his wife's cell phone, Evans Law placed at least three more calls to Plaintiff's cell phone and left voicemails.

55. In the telephone communications after Plaintiff informed Evans Law that all calls to his cell phone were inconvenient, Evans Law failed to inform Plaintiff that Evans Law was a debt collector or that Evans Law was attempting to collect a debt or that any information obtained from Plaintiff would be used for the purpose of debt collection.

56. In a live call between Evans Law and Plaintiff in October or November 2016 which pre-dated the live call described above and which occurred early in Evans Law's collection efforts, Evans Law told Plaintiff:

   A.  We're a mitigating law firm.
   B.  This is on a matter that could be processed against you.
   C.  Client wants us to sue for civil judgment.  They have to by law try to contact you…and give you an option to resolve the matter out of court…. That's where we come in … to sue on the debt.
   D.  You have 24 hrs to call us back.  If not, recommendation will be made.

57. In the telephone communication described above Evans Law failed to inform Plaintiff that Evans Law was a debt collector or that Evans Law was attempting to collect a debt or that any information obtained from Plaintiff would be used for the purpose of debt collection.

58. The telephone communication described above would cause the least sophisticated consumer to believe that a lawsuit had been filed or immanently would be filed against Plaintiff through the use of the words and phrases described above.

59. Because recovery of the alleged balance of the Account was barred by the applicable statute of limitation, Evans Law had no intention of suing Plaintiff at the time it made the threats.

60. Evans Law also contacted Plaintiff's secretary and told his secretary that there was a financial judgment obtained against Plaintiff and that it was important for Plaintiff to call back to Evans Law.

61. Evans Law intended for the message it left with Plaintiff's secretary to be communicated to Plaintiff.  Further, said communication described above would cause the least sophisticated consumer to believe that a lawsuit had been filed against Plaintiff.

62. Additionally, Evans Law did not have the necessary prior consent to communicate about the Account with Plaintiff's secretary.  Thus, the information communicated by Evans Law to Plaintiff's secretary amounted to an illegal third-party disclosure of the debt.

63. Plaintiff's secretary did not know about the Account or its status prior to the message left by Evans Law.

64. Evans Law never provided Plaintiff with the notices required by 15 U.S.C. § 1692g(a).

65. Evans Law told Plaintiff that JTM owned the Account.

66. Evans Law did not have a surety bond on file with the Texas Secretary of State as required by Tex. Fin. Code § 392.101 during all of the time it attempted collection from Plaintiff.

## COLLECTION EFFORTS OF JTM

67. Plaintiff called JTM to confirm the Account status and to discuss the validity of Evans Law's efforts to collect the Account.  In that call, occurring in October or November 2016, JTM told Plaintiff that JTM owned the Account and that Evans Law was attempting to collect it on JTM's behalf.

68. Plaintiff asked JTM if the account would be removed from his credit report after he paid the account and JTM told him "In order for you to get it removed off your report you have to request some [inaudible] paid in full letter and when you get that letter you forward it to anyone of the credit reporting agencies and that'll be your ticket to get it removed."  This was false and deceptive as a "paid in full letter" is not a "ticket" to get an item removed from one's credit report.

69.  After expressing confusion and frustration to JTM regarding the involvement of so many companies with regard to collecting on the Account, JTM said it would investigate JH's involvement and call Plaintiff back.

70. JTM did call Plaintiff back and left the following message:

> Hello Colin this is Amanda calling from JTM Capital Management.  I spoke with you a couple of days ago in regards to your Citibank account. Now, I understood that you were stating you were contacted by JH, but I talked to them and you actually contacted their agency which led you to United Debt Holdings which then brought you to my office.  Now I believe you are only being contacted by the agency we have collecting on our behalf, that's the Law Office of Jason Evans.  So my best piece of advice, Colin, would be to contact them and get a payment arrangement started. Okay?  Their phone number there is 888-984-5591.  Okay?  Thanks.  Bye.

71. In the telephone communication described above JTM failed to inform Plaintiff that JTM was a debt collector or that JTM was attempting to collect a debt or that any information obtained from Plaintiff would be used for the purpose of debt collection.

72. JTM failed to ever provide Plaintiff with notice of any of his rights regarding disputing the Account in question as required by 15 U.S.C. § 1692g(a).

73. JTM had actual knowledge that Evans Law was not in compliance with Texas law requiring Evans Law to have a surety bond on file with the Texas Secretary of State as required by Tex. Fin. Code § 392.101.

74. JTM had actual knowledge of the illegal collection methods used by Evans Law to collect from consumers, yet allowed Evans Law to continue collecting the Account.

**COLLECTION EFFORTS OF JH**

75. Upon review of his credit report, Plaintiff discovered that JH was reporting the account to one or more credit reporting agencies.

76. Plaintiff contacted JH to discuss JH's involvement in the collection of the Account, having already been contacted by Evans and having been told that JTM was the owner of the Account.

77. JH told Plaintiff that JH owned the Account and that UDH was collecting the Account on JH's behalf.

78. This was false and deceptive information JH gave to Plaintiff in hopes that Plaintiff would make a payment to JH rather than JTM or Evans Law.

79. Further, this false information about the status of the account would case the least sophisticated consumer and did cause Plaintiff to be confused about the status of the Account.

80. JH never provided Plaintiff with notice of any of the various rights described in 15 U.S.C. § 1692g.

81. JH had actual knowledge that Evans Law was not in compliance with Texas law requiring Evans Law to have a surety bond on file with the Texas Secretary of State as required by Tex. Fin. Code § 392.101.

82. JH had actual knowledge of the illegal collection methods used by Evans Law to collect from consumers, yet allowed Evans Law to continue collecting the Account.

## COLLECTION EFFORTS OF UDH

83. Plaintiff called UDH to discuss the debt after JH informed Plaintiff that UDH was attempting to collect the debt on JH's behalf.  When he called, an automatic answering service identifying itself as United Debt Holdings answered the call and requested that Plaintiff input his social security number.  Plaintiff did so and was placed on hold for an extended period of time.  Eventually a recording informed Plaintiff to leave his name and account information and UDH would call him back to discuss the debt further.

84. Plaintiff called UDH multiple times and was even transferred to UDH by JH during one of Plaintiff's calls with JH.

85. UDH never informed Plaintiff that UDH was a debt collector or that it was attempting to collect a debt or that any information obtained would be used for the purpose of debt collection.

86. UDH never provided Plaintiff with notice of any of the various rights described in 15 U.S.C. § 1692g.

## ALL OF THE COLLECTION EFFORTS IN GENERAL

87. The purpose for all of the calls and voicemails described above was to attempt to collect the Account.

88. The calls and voicemails conveyed information regarding the Account directly or indirectly to Plaintiff.

89. The calls and voicemails constituted "communication[s]" as defined by 15 U.S.C. § 1692a(2).

90. The only reason that Defendants communicated with Plaintiff was to attempt to collect the Account.

91. The statements and actions of Defendants constitute illegal communication in connection with debt collection.

92. All of the conduct by Defendants and/or their employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully and purposefully.

93. As a direct and proximate result of the aforesaid actions, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

**RESPONDEAT SUPERIOR**

94. The representative(s) and/or collector(s) at Evans Law were employee(s) and/or agent(s) of Evans Law at all times mentioned herein.

95. The representative(s) and/or collector(s) at Evans Law were acting within the course and/or scope of their employment at all times mentioned herein.

96. The representative(s) and/or collector(s) at Evans Law were under the direct supervision and/or control of Evans Law at all times mentioned herein.

97. The actions of the representative(s) and/or collector(s) at Evans Law are imputed to their employer, Evans Law.

98. The representative(s) and/or collector(s) at JTM were employee(s) and/or agent(s) of JTM at all times mentioned herein.

99. The representative(s) and/or collector(s) at JTM were acting within the course and/or scope of their employment at all times mentioned herein.

100.     The representative(s) and/or collector(s) at JTM were under the direct supervision and/or control of JTM at all times mentioned herein.

101.     The actions of the representative(s) and/or collector(s) at JTM are imputed to their employer, JTM.

102.     The representative(s) and/or collector(s) at JH were employee(s) and/or agent(s) of JH at all times mentioned herein.

103.     The representative(s) and/or collector(s) at JH were acting within the course and/or scope of their employment at all times mentioned herein.

104.     The representative(s) and/or collector(s) at JH were under the direct supervision and/or control of JH at all times mentioned herein.

105.     The actions of the representative(s) and/or collector(s) at JH are imputed to their employer, JH.

106.     The representative(s) and/or collector(s) at JH were employee(s) and/or agent(s) of JH at all times mentioned herein.

107.     The representative(s) and/or collector(s) at UDH were acting within the course and/or scope of their employment at all times mentioned herein.

108.     The representative(s) and/or collector(s) at UDH were under the direct supervision and/or control of UDH at all times mentioned herein.

109.     The actions of the representative(s) and/or collector(s) at UDH are imputed to their employer, UDH.

### COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY EVANS LAW ASSOCIATES, P.C.

110.     The previous paragraphs are incorporated into this Count as if set forth in full.

111.     The act(s) and omission(s) of Evans Law and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692c(a)(1) & § 1692c(b) and § 1692(e)(2)&(4)&(5)&(8)&(10)&(11) and § 1692g(a).

112.     Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs.

## COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE BY EVANS LAW ASSOCIATES, P.C.

113.     The previous paragraphs are incorporated into this Count as if set forth in full.

114.     The act(s) and omission(s) of Evans Law and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code S 392.101 and §392.304(a)(5)&(8)&(12)&(13)&(19).

115.     Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks statutory damages, actual damages, injunctive relief, and reasonable attorney's fees and costs.

## COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY EVANS LAW, P.C.

116.     In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Evans Law is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion).   Evans Law intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

18

117.     Plaintiff suffered actual damages as a result of Evans Law's intrusion in the way of fear, anxiety, stress, sleeplessness, mental anguish mild depression and/or distraction from normal life.

### COUNT IV:  UNREASONABLE COLLECTION EFFORTS
### BY EVANS LAW, P.C.

118.     In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Evans Law is liable to Plaintiff for its unreasonable collection efforts.

119.     Plaintiff has a right to be free from unreasonable and wrongful collection and/or repossession efforts.  *See, e.g., Moore v. Savage*, 359 S.W.2d 95 (Tex. Civ. App. –Waco 1962, writ ref'd n.r.e).

120.     Evans Law's collection efforts were unreasonable and wrongful.

121.     Evans Law's unreasonable collection efforts proximately caused Plaintiff to suffer injury, including but not necessarily limited to fear, anxiety, stress, sleeplessness, mental anguish mild depression and/or distraction from normal life.

### COUNT V:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
### BY JTM CAPITAL MANAGEMENT, LLC

122.     The previous paragraphs are incorporated into this Count as if set forth in full.

123.     The act(s) and omission(s) of JTM and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692(e)(8)&(11) and §1692g(a).

124.     The act(s) and omission(s) of Evans Law and its representative(s), employee(s) and/or agent(s) in violation of 15 U.S.C. § 1692c(a)(1) & § 1692c(b) and § 1692(e)(2)&(4)&(5)&(8)&(10)&(11) and § 1692g(a) are imputed to JTM.

125.     Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs.

## COUNT VI:  VIOLATIONS OF THE TEXAS FINANCE CODE BY JTM CAPITAL MANAGEMENT, LLC

126.     The previous paragraphs are incorporated into this Count as if set forth in full.

127.     The act(s) and omission(s) of JTM and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.304(a)(4)&(19) and § 392.306.

128.     The act(s) and omission(s) of Evans Law and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code § 392.101 and §392.304(a)(5)&(8)&(12)&(13)&(19) are imputed to JTM.

129.     Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks statutory damages, actual damages, injunctive relief, and reasonable attorney's fees and costs.

## COUNT VII:  IMPUTED LIABILITY OF LEXON INSURANCE COMPANY FOR LIABILITY OF JTM CAPITAL MANAGEMENT, LLC

130.     The previous paragraphs are incorporated into this Count as if set forth in full.

131.     The act(s) and omission(s) of JTM and their representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.304(a)(5)&(19) and § 392.306 are imputed to Lexon pursuant to Tex. Fin. Code § 392.102.

132.     Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks statutory damages, actual damages, reasonable attorney's fees and costs from Defendant Lexon.

## COUNT VIII:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY JH PORTFOLIO DEBT EQUITIES, LLC

133.     The previous paragraphs are incorporated into this Count as if set forth in full.

134.     The act(s) and omission(s) of JH and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692(e)(2)&(8)&(10).

135.     The act(s) and omission(s) of Evans Law and its representative(s), employee(s) and/or agent(s) in violation of 15 U.S.C. § 1692c(a)(1) & § 1692c(b) and § 1692(e)(2)&(4)&(5)&(8)&(10)&(11) and § 1692g(a) are imputed to JH.

136.     Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs.

## COUNT IX:  VIOLATIONS OF THE TEXAS FINANCE CODE BY JH PORTFOLIO DEBT EQUITIES, LLC

137.     The previous paragraphs are incorporated into this Count as if set forth in full.

138.     The act(s) and omission(s) of JH and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.304(a)(4)&(8)&(14)&(19) and §392.306.

139.     The act(s) and omission(s) of Evans Law and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code § 392.101 and §392.304(a)(5)&(8)&(12)&(13)&(19) are imputed to JH.

140.     Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks statutory damages, actual damages, injunctive relief, and reasonable attorney's fees and costs.

### COUNT X:  IMPUTED LIABILITY OF INTERNATIONAL FIDELITY INSURANCE COMPANY FOR LIABILITY OF JH PORTFOLIO DEBT EQUITIES, LLC

141.     The previous paragraphs are incorporated into this Count as if set forth in full.

142.     The act(s) and omission(s) of JH and their representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.304(a)(4)&(5)&(8)& (14)&(19) are imputed to IFIC pursuant to Tex. Fin. Code § 392.102.

143.     Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Defendant IFIC.

### COUNT XI:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY UNITED DEBT HOLDING, LLC

144.     The previous paragraphs are incorporated into this Count as if set forth in full.

145.     The act(s) and omission(s) of UDH and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692(e)(11) and 1692g.

146.     Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable

attorney's fees and costs.

## COUNT XII:  VIOLATIONS OF THE TEXAS FINANCE CODE
## BY UNITED DEBT HOLDING, LLC

147.     The previous paragraphs are incorporated into this Count as if set forth in

full.

148.     The act(s) and omission(s) of UDH and its representative(s), employee(s)

and/or agent(s) violated Tex. Fin. Code

§392.304a(4)&(5)&(8)&(14)&(19).

149.     Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks statutory damages,

actual damages, injunctive relief, and reasonable attorney's fees and costs.

## COUNT XIII:  IMPUTED LIABILITY OF
## HARTFORD CASUALTY INSURANCE COMPANY
## FOR LIABILITY OF UNITED DEBT HOLDING, LLC

150.     The previous paragraphs are incorporated into this Count as if set forth

in full.

151.     The act(s) and omission(s) of UDH and their representative(s), employee(s)

and/or agent(s) in violation of Tex. Fin. Code

§392.304a(4)&(5)&(8)&(14)&(19) are imputed to Hartford pursuant to

Tex. Fin. Code § 392.102.

152.     Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable

attorney's fees and costs from Defendant Hartford.

## EXEMPLARY DAMAGES

153.     Exemplary damages should be awarded against Evans Law because the

harm with respect to which Plaintiff seeks recovery of exemplary damages

resulted from malice (which means that there was a specific intent by

Evans Law to cause substantial injury or harm to Plaintiff) and/or gross

negligence (which means that Evans Law's actions and/or omissions (i)

when viewed objectively from Evans Law's standpoint at the time of the

acts and/or omissions involved an extreme degree of risk, considering the

probability and magnitude of potential harm to others and (ii) were such

that Evans Law had an actual, subjective awareness of the risk involved but

nevertheless proceeded with conscious indifference to the rights, safety, or

welfare of  others).

## JURY TRIAL DEMAND

154.     Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

155.     Judgment in favor of Plaintiff and against Evans Law as follows:

a.   Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §

1692k(a)(2);

b.   Actual damages pursuant to 15 U.S.C. 1692k(a)(1); and

c.   Reasonable attorneys fees and costs pursuant to 15 U.S.C. §

1692k(a)(3).

    d.   Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

    e.   Such other and further relief as the Court deems just and proper.

    f.   Statutory damages in an amount not less than $100 pursuant to Tex. Fin. Code § 392.403(e);

    g.   Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

    h.   An injunction permanently enjoining Evans Law following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

    i.   Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403;

    j.   Such other and further relief as the Court deems just and proper.

156.    Judgment in favor of Plaintiff and against JTM as follows:

    a.   Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    b.   Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    c.   Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    d.   Such other and further relief as the Court deems just and proper.

157.    Judgment in favor of Plaintiff and against JTM and Lexon jointly and severally, as follows:

    a.   Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

    b.   An injunction permanently enjoining JTM following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

    c.   Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403;

    d.   Such other and further relief as the Court deems just and proper.

158.      Judgment in favor of Plaintiff and against JH as follows:

    a.  Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    b.   Actual damages pursuant to 15 U.S.C. 1692k(a)(1); and

    c.   Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

    d.   Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

    e.   Such other and further relief as the Court deems just and proper.

159.      Judgment in favor of Plaintiff and against JH and IFIC jointly and severally, as follows:

    a.   Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

    b.   An injunction permanently enjoining JH following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

    c.  Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403;

    d.  Such other and further relief as the Court deems just and proper.

160.    Judgment in favor of Plaintiff and against UDH as follows:

    e.  Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    f.  Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    g.  Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    h.  Such other and further relief as the Court deems just and proper.

161.    Judgment in favor of Plaintiff and against UDH and Hartford jointly and severally, as follows:

    a.  Actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

    b.  An injunction permanently enjoining UDH following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code § 392.403(a)(1);

    c.  Reasonable attorneys fees and costs pursuant to Tex. Fin. Code § 392.403;

    d.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
14524 Cantrell Rd.
Suite 140 – PMB 208
Rockwall, TX  75087
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@mmlaw.pro
*Attorney for Plaintiff*